IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANGEL L. MELENDEZ RIVERA

DEBTOR

CASE NO. 12-08757(MCF)
CHAPTER 13

FIRSTBANK PUERTO RICO

MOVANT

*OBJECTION TO THE CONFIRMATION OF THE PLAN*

TO THE HONORABLE COURT:

COMES NOW, Movant **FIRSTBANK PUERTO RICO,** through its undersigned attorney and very respectfully states and prays:

I. **Factual and Procedural Bakground**

1. The jurisdiction of the Honorable Court is ascertained under Title 28 USC §1334 and the following sections of the Bankruptcy Code: 361, 1325, and 1326.

2. On October 31, 2012, Debtor filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. *See, Docket 1.*

3. Movant's standing is ascertained as it filed on **December 16, 2012**, a secured lien claim by virtue of duly registered conditional sales contract regarding a **2005 Toyota Corolla.** *See, Claim No. 3.*

4. Under the Chapter 13 plan dated **August 31, 2012**, Debtor provided for the payment "In Full" for Movant's claim, along with the with the following payments to the Chapter 13 Trustee: **$275.00 x 60 months, for a total base of $16,500.00.** Also, the proposed plan included the following provisions:

- **Trustee to pay Attorney's fees before any secured or priority creditor 11 U.S.C. 330.**

*See, Docket 2.*

5. The appearing creditor does not accept the treatment of its claim under the proposed plan and hereby objects to the confirmation of debtor's plan dated October 31, 2012, on the following grounds: (a) Debtor's provision for payment of FirstBank's claim

after the attorney's fees have been paid off will leave FirstBank's collateral without the required post-confirmation Adequate protection for approximately 13 months, if the plan is confirmed. In support of this contention, FirstBank Puerto Rico will show to the Court as follows:

## *II.*     **Applicable Law**

### *(a) Relevant Sections of the Bankruptcy Code*

The following provisions of the Bankruptcy Code, as amended by BAPCPA, are relevant.

Section 507(a) of the Bankruptcy Code (11 USC §507(a)) states in part:

> **(a)** The following expenses and claims have priority in the following order:
>
> **(1)** First:
>
> **(A)** Allowed unsecured claims for domestic support obligations (…)
>
> **(B)** (…)
>
> **(C)** If a trustee is appointed or elected under section 701, 702, 703, 1104, 1202, or 1302, the administrative expenses of the trustee allowed under paragraphs (1)(A), (2), and (6) of section 503 (b) shall be paid before payment of claims under subparagraphs (A) and (B), to the extent that the trustee administers assets that are otherwise available for the payment of such claims.
>
> **(2)** Second, administrative expenses allowed under section 503 (b)[1] of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

Section 1322 of the Bankruptcy Code (11 U.S.C. §1322) sets forth the requirement for what a Chapter 13 plan must and may contain. That section states in the relevant part:

> **(a)** The plan shall—
> **(1)** provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision

---

[1] Attorney's fees are administrative expenses allowed under section 503(b) as "reasonable compensation for professionals services rendered by an attorney or an accountant of an entity whose expense is allowable". 11 U.S.C. §503(b)(4).

and control of the trustee as is necessary for the execution of the plan;

**(2)** provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

**(3)** if the plan classifies claims, provide the same treatment for each claim within a particular class; and

**(4)** notwithstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507 (a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

**(b)** Subject to subsections (a) and (c) of this section, the plan may—

**(1)** ...

**(2)** ...

**(3)** ...

**(4)** provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

Section 1325 sets forth the requirements for confirmation of a chapter 13 plan. Section 1325(a) provides that a court shall confirm a plan if:

(...)

**(5)** with respect to each allowed secured claim provided for by the plan—
    **(A)** the holder of such claim has accepted the plan;

    **(B) (i)** the plan provides that—
        **(I)** the holder of such claim retain the lien securing such claim until the earlier of—
            **(aa)** the payment of the underlying debt determined under nonbankruptcy law; or

            **(bb)** discharge under section 1328; and

        **(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> (iii) if—
>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>>
>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder;
>
> (…)

Section 1326 concerns the order of payments in a Chapter 13 Plan. That section reads in the pertinent part:

> (…)
> (b) Before or at the time of each payment to creditors under the plan, there shall be paid—
>> (1) any unpaid claim of the kind specified in section 507 (a)(2) of this title;
>
> (…)

### *(b) Requirements of Adequate Protection and Equal Monthly Payments*

The Bankruptcy Code's criteria for treatment of secured claims are set forth in section 1325(a)(5), which was extensively amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, (BAPCPA 2005). For that confirmation standard to be met, with respect to each allowed secured claim provided for by the plan, (1) the holder of such claim must accept the plan, (2) the plan must provide that the holder of such claim retain the lien securing the claim and the value, as of the effective date of the plan, of any property to be distributed under the plan on account of the claim is not less than the amount of the claim, **with the property distributed in equal monthly payments at least sufficient to provide adequate protection to the holder of such**

**claim**, *or* (3) the debtor surrenders to the holder of any such claim the property securing the claim. *See 8 Collier on Bankruptcy, Ch. 1325 (Matthew Bender 15th ed. rev.).*

The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interest. *H.R. REP. NO. 95-595, 338-340 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, (*cited in *In re Cook, 371 B.R. 695).* Adequate protection is also grounded in the belief that secured creditors should not be deprived of the benefit of their bargain. *Id.* The Bankruptcy Code does not define adequate protection, but it does provide a non-exclusive list of examples in Section 361.

Section 361 provides three nonexclusive methods of providing adequate protection of an entity's interests in property, as may be required by other sections of the Code. Adequate Protection may be in (1) the form of cash payments, (2) replacement liens or (3) methods that results in the realization of the indubitable equivalent of an entity's interest in the property. 11 USC 361.

Before the passage of BAPCPA, the Code did not explicitly treat the question of post-confirmation adequate protection, although secured creditors at any time could request relief from the automatic stay under §362 for cause including lack of adequate protection. This strategy was not always successful, particularly in courts that regarded confirmation as res judicata on the issue of adequate protection. (…) Moreover, courts pre-BAPCPA had the discretion to interpret post-confirmation adequate protection in light of the circumstances of the case. See, cases cited in *In re Denton,* 370 B.R. 441 (2007).

BAPCPA has dramatically changed this landscape. Section1325(a)(5)(B)(iii)(II) now explicitly requires post-confirmation adequate protection and further specifies that it must be in a form of money at least equal to the depreciation of the collateral. The failure to so provide in a Chapter 13 plan would violate the lien retention rights of a secured creditor guaranteed under 11 U.S.C. §1325(a)(5)(B)(i). *In re Dispirito, 371 B.R. 695 (Bkrtcy. D.N.J., 2007).* This issue was addressed in detail by Judge Keith Lundin in his well respected treatise on Chapter 13 practice. Pertinently, Judge Lundin writes:

> Lien retention in section 1325(a)(5)(B)(i) has been interpreted to require that payments through the plan must at least equal depreciation in the value of the collateral during the repayment period. Not to be confused with adequate protection before confirmation or with the payment of

> present value (interest) after confirmation, lien retention avoids constitutional problems through depreciation and use of collateral by the debtor after confirmation. **Put in another way, even if the plan recites that secured claim holders retain liens, if the payments proposed by the plan are insufficient to stay ahead of depreciation, the retained liens will erode faster than the allowed secured claim is paid, contrary to the intent of section 1325(a)(5)(B)(i).**

Lundin, *Chapter 13 Bankruptcy, 3d Ed., Vol 2, Section 104.2, page 104-4,* cited in *In re Dispirito, Id.* Additional support may be found in the recently enacted provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), wherein Congress has mandated that adequate protection payments must be paid during the period of the plan, pursuant 11 U.S.C. §1325(a)(5)(B)(iii)(II).

Courts are divided on the subject of Adequate Protection after confirmation. A number of courts have adopted the position that "adequate protection payments" may continue post-confirmation in one amount, with "equal monthly payments" replacing them at a higher amount at some later time during the plan. *See, In re Hill* 2007 WL 499622 (Bankr. M.D.N.C.2007); *In re DeSardi* 340 **B.R.** 790 (Bankr.S.D.Tex.2006); *In re Erwin,* 376 **B.R.** 897 (Bankr.C.D.Ill.2007),

Conversely, other courts have held that that "periodic payments ... in equal monthly amounts" refer to *all* payments made on allowed secured claims after confirmation, and those payments must begin with the trustee's first distribution under a confirmed plan. *See, e.g., Denton,* 370 **B.R.** at 446; *see also In re Espinoza,* No. 08-20778, 2008 WL 2954282 (Bankr. D.Utah Aug.1, 2008); *Wells Fargo Fin. Georgia, Inc. v. Baxter (In re Williams),* 385 **B.R.** 468 (Bankr.S.D.Ga.2008); *Sanchez,* 384 **B.R.** at 578. These courts conclude that equal monthly payments must begin with confirmation and continue until the secured claim is paid in full. *Denton,* 370 **B.R.** at 443. According to these courts, the periodic payments contemplated under the code refer to all "regularly-recurring post-confirmation payments on an allowed secured claim." *Id.* at 446. Because the code states that the periodic payments shall be in equal monthly amounts, the courts conclude that all periodic payments after confirmation must be in equal monthly amounts. *Id.*

Nevertheless, the result will be the same with both line of case, immediately after confirmation a secured creditor shall be paid an amount sufficient to compensate the depreciation of its collateral until its claim be paid off.

As discussed above, Section 1325(a)(5) was amended by BAPCPA to provide if payments on allowed secured claims are "to be distribute in the ... form of periodic payments, such payments shall be in equal monthly amounts." 11 U.S.C. §1325(a)(5)(B)(iii)(I). Furthermore, if a claim is secured by personal property, the payment "shall not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the plan." 11 U.S.C. §1325(a)(5)(B)(iii)(II). These two provisions changed the "mathematics of the Chapter 13 plans with side effects for the payment of attorney fees.". 5 Keith M. Lundin, *Chapter 13 Bankruptcy* §442.1, p.442-2 (3d ed. 2000 & Supp. 2007-1), cited in *In re Williams*, 2008 WL 872277 (BANKR. S.D.Ga.).

Chapter 13 debtor's attorneys who receive some or all of their fees through the through the plan must construct the plan so that distributions to the attorney do not threaten the availability of funds to make required equal installments payments to lienholders that are sufficient to provide adequate protection after confirmation. The collision of these stakeholders---the attorney armed with a priority claim and the lienholder entitled to adequate protection and equal monthly payments--- will require more careful calculation of the funding of Chapter 13 plans after BAPCPA. Attorneys in some districts may have to adjust their practices to take smaller fee payments over a longer time in Chapter 13 cases. 5 Keith M. Lundin, *Chapter 13 Bankruptcy* §442.1, p.442-3 (3d ed. 2000 & Supp. 2007-1), cited in *In re Williams*, 2008 WL 872277 (BANKR. S.D.Ga.).

Section 1326(b)(1) of the Bankruptcy Code requires the payment of administrative expenses "before or at the time of each payment to creditors under the plan (...)". Therefore, the Bankruptcy Code does not require attorney's fees to be paid in full prior to creditors; it simply requires that they be paid before or contemporaneously to creditors. *In re Shorb*, 101 B.R. 185, 186 (9th Cir.BAP 1989).

### III. ALLEGATIONS

6. Since October 17, 2005, BAPCA became in effect. Under such act once the debtor provides for the payment in full of any personal security interest, such as Movant's claim, the debtor needed to provide for: adequate protection, equal monthly payments and insurance within the 60 days of the date of petition.

7. Here, the proposed plan provides to pay FirstBank's claim after the payment of the attorney's fees. **Thus, such provision will leave Movant's collateral without post-confirmation adequate protection for 13 months (without considering insurance costs) if the plan is confirmed, which means that the collateral that secures Movant's claim will continue to depreciate in value.** *See, Attachment A.*

For that reason, the Court in *In re Lanigan,* 101 B.R. 530, 533 (Bankr. N.D.Ill. 1986), stated the following:

> "There is no reason that has been addressed to this Court to show why the attorneys who present thinly funded plans should not share the risk of possible failure thereof and thereby be encouraged to scrutinize all plan even more closely. When plan payments are small and payment of fees out of front will delay payments to creditors for many months, the sharing of risk and encouragement of more scrutiny will be served by spreading out payment of attorney's fees over time, at least over the early months of the plans while debtor and creditors also get some benefit from monthly payments that apply partly to debts".

8. In this case, the **minimum post-confirmation adequate protection and/or equal monthly payment commencing immediately after confirmation, to be paid for this vehicle,** that according to the depreciation factor that applies to Puerto Rico would be **$144.42**. [2005 Toyota Corolla, valued in $8,700.00 x 1.66% as depreciation factor = $181.77] *See Attachment B.*

9. On the basis of the aforesaid, Movant opposes to the confirmation of the proposed plan and respectfully requests that the Honorable Court denies the confirmation of plan until debtor complies with the insurance, adequate protection and equal monthly payments requirements, along with the attorney's fees.

In San Juan, Puerto Rico, the 31st day of December, 2012.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion Court, the interest of justice requires otherwise.

Puerto Rico Local Bankruptcy Rule 9013-1(h)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor: **ANGEL LUIS MELENDEZ RIVERA**, at the address on record: CALLE 21 NUM. 74, URB. PONCE DE LEON, GUAYNABO, PUERTO RICO 00969; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **MARILYIN VALDES ORTEGA;** and to **ALEJANDRO OLIVERAS RIVERA,** Chapter 13 Trustee and to the **US TRUSTEE**.

BY: //s// **MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
Tel. (787) 729-8135, Fax (787) 729-8276
Email: maristella.sanchez@firstbankpr.com

| AÑO | MESES | INFULL FB | SEGURO FB | HONORARIOS SINDICO | HONORARIOS ABOGADO |
|---|---|---|---|---|---|
|  | JUN |  |  |  |  |
|  | JUL |  |  |  |  |
|  | AGO |  |  |  |  |
|  | SEP |  |  |  |  |
| PLAN | OCT |  |  |  |  |
| 1 | NOV | $50.00 | $44.00 | $27.50 |  |
| 2 | DIC | $50.00 | $44.00 | $27.50 |  |
| 3 | 2013 ENE |  | $44.00 | $27.50 | $307.00 |
| 4 | FEB |  | $44.00 | $27.50 | $203.50 |
| 5 | MAR |  | $44.00 | $27.50 | $203.50 |
| 6 | ABR |  | $44.00 | $27.50 | $203.50 |
| 7 | MAY |  | $44.00 | $27.50 | $203.50 |
| 8 | JUN |  | $44.00 | $27.50 | $203.50 |
| 9 | JUL |  | $44.00 | $27.50 | $203.50 |
| 10 | AGO |  | $44.00 | $27.50 | $203.50 |
| 11 | SEP |  | $44.00 | $27.50 | $203.50 |
| 12 | OCT |  | $44.00 | $27.50 | $203.50 |
| 13 | NOV |  | $44.00 | $27.50 | $203.50 |
| 14 | DIC |  | $44.00 | $27.50 | $203.50 |
| 15 | 2014 ENE |  | $44.00 | $27.50 | $203.50 |
| 16 | FEB | $146.50 | $44.00 | $27.50 | $57.00 |
| 17 | MAR | $203.50 | $44.00 | $27.50 |  |
| 18 | ABR | $203.50 | $44.00 | $27.50 |  |
| 19 | MAY | $203.50 | $44.00 | $27.50 |  |
| 20 | JUN | $203.50 | $44.00 | $27.50 |  |
| 21 | JUL | $203.50 | $44.00 | $27.50 |  |
| 22 | AGO | $151.82 | $44.00 | $27.50 |  |
| 23 | SEP |  | $44.00 | $27.50 |  |
| 24 | OCT |  | $44.00 | $27.50 |  |
| 25 | NOV |  | $44.00 | $27.50 |  |
| 26 | DIC |  | $44.00 | $27.50 |  |
| 27 | 2015 ENE |  | $44.00 | $27.50 |  |
| 28 | FEB |  | $44.00 | $27.50 |  |
| 29 | MAR |  | $44.00 | $27.50 |  |
| 30 | ABR |  | $44.00 | $27.50 |  |
| 31 | MAY |  | $44.00 | $27.50 |  |
| 32 | JUN |  | $44.00 | $27.50 |  |
| 33 | JUL |  | $44.00 | $27.50 |  |
| 34 | AGO |  | $44.00 | $27.50 |  |
| 35 | SEP |  | $44.00 | $27.50 |  |
| 36 | OCT |  |  | $27.50 |  |
| 37 | NOV |  |  | $27.50 |  |
| 38 | DIC |  |  | $27.50 |  |
| 39 | 2016 ENE |  |  | $27.50 |  |
| 40 | FEB |  |  | $27.50 |  |
| 41 | MAR |  |  | $27.50 |  |
| 42 | ABR |  |  | $27.50 |  |
| 43 | MAY |  |  | $27.50 |  |
| 44 | JUN |  |  | $27.50 |  |
| 45 | JUL |  |  | $27.50 |  |
| 46 | AGO |  |  | $27.50 |  |
| 47 | SEP |  |  | $27.50 |  |
| 48 | OCT |  |  | $27.50 |  |
| 49 | NOV |  |  | $27.50 |  |
| 50 | DIC |  |  | $27.50 |  |
| 51 | 2017 ENE |  |  | $27.50 |  |
| 52 | FEB |  |  | $27.50 |  |
| 53 | MAR |  |  | $27.50 |  |
| 54 | ABR |  |  | $27.50 |  |
| 55 | MAY |  |  | $27.50 |  |
| 56 | JUN |  |  | $27.50 |  |
| 57 | JUL |  |  | $27.50 |  |
| 58 | AGO |  |  | $27.50 |  |
| 59 | SEP |  |  | $27.50 |  |
| 60 | OCT |  |  | $27.50 |  |
|  |  | $1,415.82 | $1,100.00 | $1,485.00 | $2,806.00 |

Case:12-08757-MCF13 Doc#:23 Filed:12/31/12 Entered:12/31/12 14:26:05 Desc: Main
2005 Toyota Corolla Sedan 4D S Prices, V... IVELISSE ROMERO Page 1 of 2
Document Page 11 of 11

Attachment B



**The Power of Vehicle Information**

Autos   Classic Cars   Motorcycles   Boats   RVs   Manufactured Homes   NADAguide

 AUTOCHECK POWERS NADAguides TO BRING THE BEST VEHICLES INTO CLEAR SIGHT  

Change Make > Change Year & Model > Change Trim > Change Mileage & Options > **Value**



## 2005 Toyota Corolla-4 Cyl.
## Sedan 4D S

See 2006    See 2004    Compare

| Values | Specifications | Pictures & Video | Reviews & Ratings | Safety |

| Values | CPO Pricing | Cost to Own | CPO Incentives & Deals | Calculate Payments |

# Values 

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $4,850 | $5,775 | $6,525 | $8,800 |
| Mileage (110,000) | -$100 | -$100 | -$100 | -$100 |
| **Options:** (add options) | | | | |
| Power Door Locks | Std. | Std. | Std. | Std. |
| **TOTAL PRICE:** | $4,750 | $5,675 | $6,425 | $8,700 |

X 1.66 [handwritten]
144.42 [handwritten]

Search Local Listings    Vehicle History Report

Find 2005 Toyota listings near you.    Free VIN Check    AutoCheck

Powered by AutoTrader.com   Submit    Enter VIN (optional)   Submit



## Car Buying & Selling Services

Sell your car now on AutoTrader.com          Get pre-approved for an auto loan
Get up to 40% off with State Farm            Instant extended warranty quote - Free
See your credit score instantly              Free new car dealer quote